2008 AUG 21 P 2: 10

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sandie Parker, #318952, ) | C/A No. 9:08-2566-SB-GCK |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Warden, Leath Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

The petitioner, Sandie Parker (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at Leath Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC).

## REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the Rules Governing Habeas Corpus Cases Under Section 2254, the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147,

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Petitioner is an inmate at Leath Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). She is serving a fourteen year sentence, and two ten year sentences running concurrently, stemming from a guilty plea to charges of armed robbery, grand larceny and battery of a high and aggravated nature. Petitioner was convicted and sentenced on November 28, 2006. She did not appeal her convictions and sentences. Petitioner filed for state post conviction relief but "waved my PCR out of fear" and the post conviction action was dismissed on November 26, 2007. Petition at 2. Petitioner did not appeal the dismissal of the post conviction relief action. Petition at 6. Petitioner has filed for federal habeas corpus relief under 28 U.S.C. § 2254 based on "contradicting sentence." Petition at 5.

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this case should be dismissed because Petitioner has not exhausted her state remedies. With respect to her convictions and sentence, the petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C.

§ 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after the petitioner has exhausted her state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975)(same). The petitioner did not pursue a direct appeal of her conviction, and the petitioner "waved" her post conviction relief action. The ground raised in this § 2254 petition have not been considered and addressed by courts of the State of South Carolina.

The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F3d. 907 (4th Cir. 1997), found that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." The Matthews court further instructs that "[t]o satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 910-11(citations omitted). The petition is clear that Petitioner has not presented any claims to the state's highest court. The petitioner has not received a decision from the state's highest court, and thus has not exhausted her state remedies.

In addition to a direct appeal of a conviction and sentence, a South Carolina prisoner has available as post conviction relief (PCR) the South Carolina Post Conviction Procedure Act, S. C. Code Ann. §§ 17-27-10 to 17-27-160 (PCR).[2] If a South Carolina prisoner's PCR action is denied or dismissed by a Court of Common Pleas, she can file an appeal in that post conviction case. *See* S. C. Code Ann. § 17-27-100. In fact, if a prisoner files a PCR action that is denied or dismissed, the PCR petitioner must seek appellate review or federal collateral review of the grounds raised in her application for post conviction relief will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986). In this case, Petitioner "waved" her post conviction relief action resulting in the case being dismissed and Petitioner did not file an appeal. Where a habeas petitioner has failed to exhaust her state remedies and the state court would now find her claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750. Although the petition is clear that Petitioner's grounds for relief are unexhausted, and the state court would now find an attempt to appeal the PCR action procedurally barred, Petitioner presents no arguments to demonstrate cause and actual prejudice or that failure to consider the claims will result in a fundamental miscarriage of justice. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 instructs that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

---

[2] The South Carolina General Assembly has enacted limitations periods for post-conviction cases. *See* S.C. Code Ann. § 17-27-45.

4

in the district court, the judge must dismiss the petition...."

### RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus be dismissed *without prejudice* and without issuance and service of process upon the respondents. *See Toney v Gammon*, 79 F3d. 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit). The petitioner's attention is directed to the important notice on the following page.

George C. Kosko
United States Magistrate Judge

August 21, 2008
Charleston, South Carolina